UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:16-CR-00007-DCLC-CRW |
| v. | ) | |
| BILLY RAY ALLEN, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Billy Ray Allen's *pro se* Motion for Compassionate Release. [Doc. 486]. The Federal Defender Services of Eastern Tennessee reviewed the motion pursuant to Standing Order 21-09 and notified the Court that they would not supplement the motion. [Doc. 487]. The United States responded in opposition [Doc. 488], and the matter is now ripe for resolution. For the reasons that follow, Defendant's Motion [Doc. 486] is **DENIED**.

**I. BACKGROUND**

On August 2, 2024, Allen pleaded guilty to conspiracy to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and money laundering in violation of 18 U.S.C. § 1956. [Docs. 185, 224]. Allen's total offense level and criminal history category provided a Sentencing Guidelines range of 188 to 235 months, but the mandatory minimum sentence for the crack cocaine charge was 240 months. [Doc. 301]. The Court sentenced Allen to the mandatory minimum: 240 months to run concurrently on both counts, followed by ten years of supervised release. [Doc. 330]. To date, Allen has served approximately 100 months of his sentence, and his projected release date is March 8, 2032. [Doc. 488-1].

1

Allen moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In support of his motion, Allen argues that his sentence is "far longer than necessary to serve the ends of justice" because, were he sentenced today, the twenty-year mandatory minimum would not apply. [Doc. 486, pg. 11–14]. Further, Allen maintains that if the duration of his sentence is insufficient to afford him relief, the Court should consider his "myriad of medical conditions." [*Id.* at 486]. The United States responds that neither the duration of Allen's sentence nor his medical conditions constitute extraordinary and compelling reasons for the Court to reduce his sentence, and that in any event the 18 U.S.C. 3553(a) factors weigh against his release. [Doc. 488, pg. 3–5].

## II. LEGAL STANDARD

"When a court imposes a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. O'Hara*, 114 F.4th 557, 560 (6th Cir. 2024). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to alter sentences upon motion of a defendant. Section 3582(c)(1)(A) now provides that:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582 (c)(1)(A). Pursuant to this amendment, the court can consider a defendant's motion for compassionate release only after the defendant has exhausted his remedies with the Bureau of Prisons. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (noting that

exhaustion of administrative remedies is a "mandatory condition" for a defendant to bring a motion for compassionate release on his own behalf).

There are three "substantive requirements" for granting relief under § 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the court must find that extraordinary and compelling reasons warrant a reduction. *Id.* Second, a reduction must be "consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* And third—only if the court finds the first two requirements fulfilled—the court must evaluate the 18 U.S.C. § 3553(a) factors to the extent that they are applicable. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). The Court may deny a motion for compassionate release when any of the three requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

With regard to the second requirement, the Sixth Circuit previously held that when a defendant, rather than the Bureau of Prisons, filed a motion for compassionate release, the court could "skip step two of the . . . inquiry" and had "full discretion to define 'extraordinary and compelling' without consulting" the policy statements of the Sentencing Commission. *Jones*, 980 F.3d at 1111. But the Sentencing Commission amended the policy statement in §1B1.13 of the sentencing guidelines in November 2023 to encompass defendant-filed motions for compassionate release. *See United States v. Sinclair-Elvir*, No. 3:19CR208, 2024 WL 4829715, *2 (E.D. Tenn. Nov. 19, 2024) (noting that the Sixth Circuit's holding in *Jones* is no longer applicable). Thus, §1B.13 guides the Court's inquiry at the second step.

### III. ANALYSIS

Allen argues that the length of his sentence and his medical conditions create extraordinary and compelling reasons for relief. The Court disagrees.

**A.    Length of Sentence**

3

Allen's principal contention is that his 240-month sentence is "far longer than necessary to serve the ends of justice." [Doc. 486, pg. 11]. This is so, Allen says, because he was subjected to an enhanced sentence based upon a prior Tennessee conviction for facilitation of the sale of cocaine base. [*Id.* at 13–14]. Allen contends that—were he sentenced today, after Congress enacted the First Step Act of 2018—he would no longer be subjected to an enhanced sentence based upon the prior facilitation charge because facilitation does not qualify as a "serious drug felony" under the First Step Act's amendment to 21 U.S.C. § 841(b)(1)(A)(viii).

The provision of the Sentencing Guidelines that governs compassionate release for "unusually long" sentences is U.S.S.G. § 1B1.13(b)(6). That provision provides that the Court may consider an intervening change in law where the change "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" if the defendant "has served at least 10 years of the term of imprisonment . . . ." U.S.S.G. § 1B1.13(b)(6). Allen concedes that he cannot obtain relief under that provision because he has not yet served 10 years of his sentence. [Doc. 486, pg. 11, n. 9].

Instead, Allen asks the Court for relief under U.S.S.G. § 1B1.13(b)(5). [*Id.* at 11]. U.S.S.G. § 1B1.13(b)(5) is a "catchall" provision that allows the Court to reduce a sentence when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Paragraphs (1) through (4) enumerate medical circumstances, age of the defendant, family circumstances, and being the victim of abuse as "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(b)(1)–(4). Significantly, relief for an "unusually long sentence"—while accounted for in U.S.S.G. §1B1.13(b)(6)—is excluded from the catchall provision.

4

Case 2:16-cr-00007-DCLC-CRW Document 489 Filed 12/12/24 Page 4 of 6
PageID #: 4530

Allen has not shown any circumstances "similar in gravity" to those enumerated in U.S.S.G. § 1B1.13(b)(1)–(4). The Court cannot consider Allen's length of sentence under U.S.S.G. § 1B1.13(b)(5) because the Guidelines specifically exclude that consideration from the catchall provision. Nor can the Court consider that Allen's mandatory minimum would be only ten years if he were sentenced today with the benefit of the First Step Act. U.S.S.G. § 1B1.13(c) provides that—other than as provided in subsection (b)(6), "a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason" for relief exists. And the Sixth Circuit has held that an intervening change in law not made retroactively applicable cannot create "extraordinary and compelling circumstances" for the purpose of a motion for compassionate release. *See United States v. McCall*, 56 F.4th 1048, 1055–56 (6th Cir. 2022) (holding that changes in federal sentencing law "are far from an extraordinary event"). Thus, that Allen would face only a ten-year mandatory minimum were he sentenced today does not constitute an "extraordinary or compelling" reason for relief.

**B.     Medical Conditions**

Alternatively, Allen argues that his medical conditions create an extraordinary and compelling reason to reduce his sentence. [Doc. 486, pg. 15]. Again, the Court disagrees. Allen mentions briefly that his medical conditions have worsened during his incarceration but provides no specific details. And Allen concedes that all of his medical conditions were "documented at sentencing." [*Id.* at 15]. Indeed, his Presentence Investigation report listed his medical conditions as: generalized leg pain, complications related to diabetes, diabetic neuropathy, and hypertension. [*Id.* at 19].

Allen bears the burden of showing that extraordinary and compelling reasons warranting his release exist. *United States v. Afari*, No. 3:18CR135, 2020 WL 5816249, *4 (M.D. Tenn. Sept.

5

30, 2020). He has not done so with respect to his medical conditions. Allen merely alludes to the fact that his documented medical conditions have worsened while incarcerated—he makes no showing that the medical conditions are severe or debilitating, nor that they are qualitatively different now than they were when he was sentenced.

Further, the record reflects that the Court adequately considered Allen's medical conditions at sentencing. The conditions were listed in his Presentence Report. The Court noted on the record that it reviewed the report prior to imposing sentence. [Doc. 392, pg. 4, ¶¶ 3–4]. The Court therefore considered Allen's medical conditions when it imposed sentence. Those same medical conditions do not now create an extraordinary or compelling reason warranting relief.

There are no extraordinary and compelling reasons to reduce Allen's sentence present here. Because that is the case, the Court need not evaluate the 18 U.S.C. 3553(a) factors. *See Jones*, 980 F.3d at 1106 (noting that the Court need only consider the §3553(a) factors if the first two requirements are met). The absence of extraordinary and compelling reasons for relief dooms Allen's motion.

### IV. CONCLUSION

For the foregoing reasons, Defendant Allen's *pro se* Motion for Compassionate Release [Doc. 486] is **DENIED.**

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge